**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSHUA LOTT, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, a municipal corporation, OFFICER HUGHES, Star 10709, OFFICER TALIAFERRO, Star 14979, CHICAGO POLICE OFFICER WITH STAR 11686, and UNKNOWN POLICE OFFICERS OF THE CITY OF CHICAGO, in their individual capacities, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff Joshua Lott, by his attorneys, BARRIDO & ROBISON, LLC and the LAW OFFICES OF EDWARD M. GENSON, complain of Defendants City of Chicago, Officer Hughes (Star 10709), Officer Taliaferro (Star 14979), Chicago Police Officer with Star 11686, and Unknown Police Officers of the City of Chicago (collectively, "Defendant Officers") and states as follows:

**JURISDICTION & VENUE**

1. The incident giving rise to this Complaint occurred on May, 20 2012 in the City of Chicago, County of Cook, Illinois.

2. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law the Plaintiffs' rights as secured by the United States Constitution.

3. This Court has jurisdiction pursuant to the First, Fourth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, 28 U.S.C. § 1331 and § 1343(a), and supplemental jurisdiction as provided by 28 U.S.C. § 1367(a).

4. Venue is proper under 28 U.S.C. § 1391(b) as most parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within this district.

## PARTIES

5. At all times relevant to this complaint Plaintiff Joshua Lott was a resident of the City of Phoenix, Arizona.

6. At the time of the incident Defendant City of Chicago was the employer of the Defendant Officers. The City of Chicago is sued based on a theory of *respondeat superior* on the state law claims.

7. At the time of the incident Defendants Hughes, Taliaferro, Chicago Police Officer with Star 11686, and Unknown Officers, who are sued in their individual capacity, were acting under color of law and within the course and scope of their employment as sworn police officers for the City of Chicago.

8. Defendant City of Chicago is the indemnifying entity for the actions taken by the Defendant Officers and is being sued on an indemnification theory.

## FACTS

9. Plaintiff, Joshua Lott, is a professional photographer. On May 20, 2012, Mr. Lott was on assignment from his employer, Getty Images, photographing protests against the NATO Summit being held in Chicago. Mr. Lott carried two large cameras and his press credentials with him at all times.

10. In the early evening, Mr. Lott was at or near 333 S. Wabash Street when he witnessed two or more uniformed Chicago Police Officers beating a protester with batons and/or asps. Mr. Lott began to photograph the beating. An Unknown Chicago Police Officer commanded Mr. Lott to stop taking photographs of the beating. Mr. Lott took one or more photographs before being seized by the Defendant Officers.

11. At this time, the Defendant Officers threw Mr. Lott to the ground. The Defendant Officers proceeded to beat Mr. Lott, stomp on his body, and strike him with batons or similar instruments. Mr. Lott repeatedly pleaded with the Defendant Officers to stop and identified himself as a member of the press, but the beating continued unabated.

12. While Mr. Lott was being beaten one of the Unknown Officers ripped both of Mr. Lott's cameras from his possession. Both cameras were thrown to the ground and destroyed. Also during the beating, one of the Unknown Officers took Mr. Lott's prescription glasses and stepped on them.

13. Following the beating, Mr. Lott was placed in handcuffs, while the Defendant Officers discussed what they should do next. The Defendant Officers then reached an agreement to arrest and criminally charge Mr. Lott.

14. Mr. Lott was placed under arrest and charged with reckless conduct, despite the fact that the only reason he was detained was for photographing the beating of a NATO protester. Defendants Hughes and Taliaferro initiated this criminal charge knowing there was no probable cause to support it.

15. None of the Defendant Officers intervened to prevent the beating of Mr. Lott, his arrest, or the willful destruction of his property, despite having a duty and opportunity to do so.

16. When Defendants Hughes and Taliaferro failed to appear in court in connection with the criminal charges they lodged against Mr. Lott, the criminal charges were dismissed for want of prosecution. Neither Hughes nor Taliaferro nor any other Defendant Officer sought to have the charges reinstated.

17. As a result of the Defendant Officers' conduct Mr. Lott suffered loss of freedom, physical injuries, emotional harm, incurred medical bills and attorney's fees, and lost two valuable cameras he used professionally.

**COUNT I -- 42 U.S.C. § 1983**
**Excessive Force**
**(Joshua Lott v. Defendant Officers)**

18. Each paragraph of this Complaint is incorporated herein.

19. The actions of the Defendant Officers in physically abusing and otherwise using unreasonable and unjustifiable force against the Plaintiff violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, enforceable against the states and their municipalities through the Fourteenth Amendment, to be secure in his person, papers, and effects against unreasonable searches and seizures and hence violated 42 U.S.C. § 1983.

20. As a proximate result of the aforementioned actions by the Defendant Officers, the Plaintiff suffered loss of freedom, bodily injury, pain and suffering, emotional damage, and medical expenses.

   WHEREFORE, Plaintiff demands judgment, compensatory damages against the Defendant Officers, and because each acted maliciously, wantonly, and oppressively, Plaintiff demands substantial punitive damages, costs, attorney's fees, and any other additional relief this Court deems equitable and just.

**COUNT II -- 42 U.S.C. § 1983**
**False Arrest/Unlawful Detention**
**(Joshua Lott v. Defendant Officers)**

21. Each paragraph of this Complaint is incorporated herein.

22. The actions of the Defendant Officers in falsely seizing, searching, detaining, and arresting the Plaintiff without a warrant or probable cause violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and hence violated 42 U.S.C. § 1983.

23. As a proximate result of the aforementioned actions by the Defendant Officers, the Plaintiff suffered loss of freedom, bodily injury, pain and suffering, emotional damage, and medical expenses.

WHEREFORE, Plaintiff demands judgment, compensatory damages against the Defendant Officers, and because each acted maliciously, wantonly, and oppressively, Plaintiff demands substantial punitive damages, costs, attorney's fees, and any other additional relief this Court deems equitable and just.

**COUNT III -- 42 U.S.C. § 1983**
**Unreasonable/Illegal Search & Seizure**
**(Joshua Lott v. Defendant Officers)**

24. Each paragraph of this Complaint is incorporated herein.

25. The actions of the Defendant Officers of seizing the Plaintiff for taking photographs, seizing and/or destroying Plaintiff's cameras, and taking Plaintiff's glasses violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and hence violated 42 U.S.C. § 1983.

26. As a proximate result of the aforementioned actions by the Defendant Officers, the Plaintiff suffered loss of freedom, bodily injury, pain and suffering, emotional damage, and medical expenses.

WHEREFORE, Plaintiff demands judgment, compensatory damages against the Defendant Officers, and because each acted maliciously, wantonly, and oppressively, Plaintiff demands substantial punitive damages, costs, attorney's fees, and any other additional relief this Court deems equitable and just.

### COUNT IV -- 42 U.S.C. § 1983
### Failure to Intervene
### (Joshua Lott v. Defendant Officers)

27. Each paragraph of this Complaint is incorporated herein.

28. The action, or inaction, of the Defendant Officers in failing to intervene to protect the Plaintiff from excessive force, false arrest, and unreasonable search and seizure, despite the duty and reasonable opportunity to do so, violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and hence violated 42 U.S.C. § 1983.

29. As a proximate result of the aforementioned actions by the Defendant Officers, the Plaintiff suffered loss of freedom, bodily injury, pain and suffering, emotional damage, and medical expenses.

WHEREFORE, Plaintiff demands judgment, compensatory damages against the Defendant Officers, and because each acted maliciously, wantonly, and oppressively, Plaintiff demands substantial punitive damages, costs, attorney's fees, and any other additional relief this Court deems equitable and just.

### COUNT V -- 42 U.S.C. § 1983
### First Amendment Retaliation
### (Joshua Lott v. Defendant Officers)

30. Each paragraph of this Complaint is incorporated herein.

31. The First Amendment to the United States Constitution guarantees Plaintiff's rights, as a member of the press, to document matters of public concern without fear of unjust retaliation.

32. Plaintiff engaged in activity protected by the First Amendment. In direct retaliation for Plaintiff's exercise of these rights, the Defendant Officers arrested Plaintiff with no probable cause and based solely on the fact that Plaintiff was documenting abuse by Chicago police personnel as a member of the press. These acts by Defendant Officers violated the Plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution and hence violated 42 U.S.C. § 1983.

33. As a proximate result of the aforementioned actions by the Defendant Officers, the Plaintiff suffered loss of freedom, bodily injury, pain and suffering, emotional damage, and medical expenses.

WHEREFORE, Plaintiff demands judgment, compensatory damages against the Defendant Officers, and because each acted maliciously, wantonly, and oppressively, Plaintiff demands substantial punitive damages, costs, attorney's fees, and any other additional relief this Court deems equitable and just.

### COUNT VI – State Law Claim
### False Imprisonment (*Respondeat Superior*)
### (Joshua Lott v. Defendant Officers, City of Chicago)

34. Each paragraph of this Complaint is incorporated herein.

35. One or more of the Defendant Officers, as employed by Defendant City of Chicago, physically seized and restrained Plaintiff, thereby arresting Plaintiff and restricting his freedom of movement, which was done without legal justification.

36. The actions of one or more of the Defendant Officers were the direct and proximate cause of the injuries suffered by the Plaintiff.

37. One or more of the Defendant Officers were acting in the course and scope of their employment with Defendant City of Chicago in taking these unlawful actions against the Plaintiff, and thus the Defendant City of Chicago is liable on the theory of *respondeat superior*.

WHEREFORE, Plaintiff demands compensatory damages against the Defendant City of Chicago, plus costs and any other additional relief this Court deems equitable and just.

### COUNT VII – State Law Claim
### Malicious Prosecution (*Respondeat Superior*)
### (Plaintiff v. Defendant Officers, City of Chicago)

38. Each paragraph of this Complaint is incorporated herein.

39. The Defendant Officers maliciously caused Plaintiffs to be improperly subjected to judicial proceedings for which there was no probable cause.

40. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all proceedings were terminated in Plaintiff's favor in a manner consistent with innocence.

41. As a result of all the aforementioned actions by Defendants, the Plaintiff suffered loss of freedom and liberty, loss of society, emotional distress, pecuniary injury, and legal expenses.

WHEREFORE, Plaintiffs demand judgment and compensatory damages against Defendants, and because they acted maliciously, wantonly, and oppressively, Plaintiffs demand substantial punitive damages against the Defendant Officers and any other additional relief this Court deems equitable and just.

### COUNT VIII – State Law Claim
### Assault & Battery (*Respondeat Superior*)
### (Joshua Lott v. Defendant Officers)

42. Each paragraph of this Complaint is incorporated herein.

43. The actions of one or more of the Defendant Officers, as employed by Defendant City of Chicago, in physically abusing Plaintiff, constituted intentional harmful and/or offensive contacts against the Plaintiff and/or caused him to be reasonably apprehensive of imminently receiving such contact without provocation or legal justification.

44. The actions of one or more of the Defendant Officers were the direct and proximate cause of the injuries suffered by the Plaintiff.

45. One or more of the Defendant Officers were acting in the course and scope of their employment with Defendant City of Chicago while taking these actions, and thus Defendant City of Chicago is liable on the theory of *respondeat superior*.

WHEREFORE, Plaintiff demands compensatory damages against Defendant City of Chicago, plus costs and any other additional relief this Court deems equitable and just.

### COUNT IX – Indemnification

46. Each paragraph of this Complaint is incorporated herein.

47. Defendant City of Chicago is the indemnifying entity for the actions, described above, of the Defendant Officers.

9

WHEREFORE, pursuant to 745 ILCS 10/9-102, should Defendant City of Chicago and/or any of the Defendant Officers be found liable on one or more of the claims set forth herein, Plaintiff demands that Defendant City of Chicago be found liable for any judgment – other than punitive damages – he obtains thereon.

## JURY DEMAND

Joshua Lott hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims.

                                            Respectfully Submitted,

                                            s/ Matthew Robison
                                            An Attorney for the Plaintiffs
                                            Attorney No. 6291925

Matthew Robison
Brian Barrido
BARRIDO & ROBISON, LLC
330 S. Wells St., Suite 1410
Chicago, IL 60606
773.672.7400 (phone/fax)
matthew@brchicago.com

Edward M. Genson
Blaire Dalton
Law Offices of Edward M. Genson
53 W. Jackson Blvd., Suite 1420
Chicago, IL 60604
312.726.9015

10